```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
        v.                      )   Criminal No. 2019-12
                                )
KING BOB LEONARD                )
                                )
            Defendant.          )
                                )
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Luis Rafael Rivera Rodriguez**
Luis Rafael Rivera Law Offices
San Juan, PR
**Darren John-Baptiste**
Law Offices of Darren John-Baptiste
St. Thomas, VI
    *For King Bob Leonard.*


## ORDER

**GÓMEZ, J.**

Before the Court is the application of King Bob Leonard ("Leonard") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including September 22, 2019.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Leonard time to consult with his newly retained counsel and review the discovery in this case. Second, Leonard made his request with the advice and consent of counsel. Third, without an extension, Leonard would be denied reasonable time necessary to explore settlement options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district

court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 22, 2019, shall be excluded in computing the time within which the trial for Leonard must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez**
**District Judge**