```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )   Criminal No. 2019-12
                                     )
KING BOB LEONARD and TOMMY RAMIREZ,  )
                                     )
        Defendants.                  )
                                     )

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
**Jennifer H Blecher, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Allan A. Rivera-Fernandez**
Luis Rafael Rivera Law Office
San Juan, PR
**Darren John-Baptiste**
Law Offices of Darren John-Baptiste
St. Thomas, VI
   *For King Bob Leonard.*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
   *For Tommy Ramirez.*

## ORDER

**GÓMEZ, J.**

   Before the Court are the motions of King Bob Leonard and Tommy Ramirez to continue the trial in this matter.

   On March 7, 2019, the Grand Jury returned an indictment charging King Bob Leonard ("Leonard") and Tommy Ramirez

("Ramirez") jointly with one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841 and 846, one count of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 846 and 18 U.S.C. § 2, and one count of use of a communication facility to facilitate a felony in violation of 21 U.S.C. § 843.

On March 13, 2019, Leonard and Ramirez were arraigned on the indictment. At their arraignment, a trial date was set for April 29, 2019. Subsequently, the trial date was continued on multiple occasions after Leonard and Ramirez each moved to continue. A trial date was set for October 28, 2019.

On October 16, 2019, Leonard filed a motion to continue the trial date. In his motion, Leonard requests a continuance of the trial date until a date after December 9, 2019. Leonard requests such a continuance for several reasons. First, Leonard requires additional time to pursue possible plea negotiations. Second, Leonard requires additional time to fully prepare for trial. Third, Leonard has retained an expert witness who requires additional time to prepare a report.

On October 21, 2019, Ramirez also filed a motion to continue the trial date. In his motion, Ramirez requests a continuance of the trial date until a date after December 2,

*United States v. Leonard et al.*
Criminal No. 2019-12
Order
Page 3

2019. Ramirez requests such a continuance because he requires additional time to pursue possible plea negotiations.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Leonard and Ramirez time to pursue possible plea negotiations. Second, Leonard and Ramirez made their requests with the advice and consent of counsel. Third, without an extension, Leonard would be unable to present his retained expert at as a witness at trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate

*United States v. Leonard et al.*
Criminal No. 2019-12
Order
Page 4

defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered; it is hereby

**ORDERED** that Leonard's motion to continue, ECF No. 80, and Ramirez's motion to continue, ECF No. 83, are **GRANTED**; it is further

**ORDERED** that the jury trial previously scheduled to commence on October 28, 2019, is hereby **RESCHEDULED** to commence on January 6, 2020; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through January 6, 2020, shall be excluded in computing the time within which the trial for Leonard and Ramirez must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez**
**District Judge**